IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**THEREASA SMITH**                                                                    **PETITIONER**

v.                                   **CASE NO. 4:21-cv-00517-JTK**

**DEXTER PAYNE,** *Director*                                                **RESPONDENT**
**Arkansas Division of Correction**

## ORDER

### I.   Introduction

Petitioner Thereasa Smith ("Smith") is an inmate at Arkansas Department of Corrections in the McPherson Unit ("ADC"). She is serving several terms of imprisonment concurrently for felonies committed in five different cases. Smith filed this Writ of *Habeas Corpus* under 28 U.S.C. § 2254 alleging that her Fifth Amendment rights were violated when she was charged as a "large habitual" offender under Ark. Code Ann. § 5-4-501, resulting in an extended term of imprisonment in CR-20-36. (Doc. 2, pp. 517).  For the reasons stated below, the Court dismisses Smith's petition with prejudice.

### II.   Background

On May 28, 2020, in Nevada County Circuit Court, Smith was sentenced to several terms of imprisonment, all to be served concurrently, for felonies committed in five different cases. First, in CR-20-37, Smith pleaded no contest to the Class D felony of possession of drug paraphernalia, a violation of Ark. Code Ann. § 5-64-443(a)(2). (Doc. No. 14, Ex. A) Smith was sentenced to the maximum sentence of 15 years' imprisonment as a habitual offender with four or more prior felony convictions, pursuant to Ark. Code Ann. § 5-4-501(b)(2)(E). *Id.* at Ex. B.

Second, in CR-20-36, Smith pleaded no contest to the Class C felony of second-degree

domestic battering, a violation of Ark. Code Ann. § 5-26-304(a)(2) and (b)(1). *Id.* at Ex. C. She was sentenced to 15 years' imprisonment as a habitual offender with four or more felony convictions, pursuant to Ark. Code Ann. § 5-4-501(b)(2)(D). *Id.* The possible sentencing range under that statute is 3 years to 30 years. *Id.* Smith's convictions in these cases, CR-20-36 and CR-20-37, served as grounds for revocation in three prior cases, CR-17-15, CR-18-1, and CR-18-185.

In CR-17-15, the court revoked Smith's probation for the class D felony of possession of drug paraphernalia, a violation of Ark. Code Ann. § 5-64-443(b)(3). *Id.* at Ex. D. Smith was sentenced to the maximum sentence of 6 years' imprisonment pursuant to Ark. Code Ann. § 5-4-401(a)(5). *Id.*

In CR-18-1, the court revoked Smith's probation for the Class C felony of impairing operation of a vital public facility, a violation of Ark. Code Ann. § 5-38-205. *Id.* at Ex. E. Smith was sentenced to the maximum sentence of 10 years' imprisonment pursuant to Ark. Code Ann. § 5-4-401(a)(4). *Id.*

In CR-18-185, the court revoked Smith's probation for three felony convictions. First, she was convicted of the Class B felony of furnishing prohibited articles, a violation of Ark. Code Ann. § 5-54-119(a) and (b)(1). *Id.* at Ex. F. Smith was sentenced to 15 years' imprisonment pursuant to Ark. Code Ann § 5-4-401(a)(3). *Id.* The possible sentencing range under that statute is 5-20 years. Second, Smith was convicted of the Class D felony of possessing cocaine, a violation of Ark. Code Ann. § 5-64-419(b)(1)(A). *Id.* She was sentenced to the maximum sentence of 6 years' imprisonment pursuant to Ark. Code Ann. § 5-4-401(a)(5) (Repl. 2013). *Id.* Third, Smith was convicted of the Class D felony of tampering with physical evidence, a violation of Ark. Code Ann. § 5-53-111 (Repl. 2016) *Id.* She was sentenced to the maximum sentence of 6 years' imprisonment pursuant to Ark. Code Ann. § 5-4-401 (a)(5) (Repl. 2013). *Id.*

Smith did not file an appeal in any of the cases. She also did not file a petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1 *et seq.* (2020) in any of the cases. Smith did however, on July 30, 2020, file in all cases a motion for credit for time spent in custody, in which she contended hat she was entitled to additional credit for time spent in custody from March 27, 2020, to June 18, 2020. (Doc. No. 14, Ex. C, p. 15) The Circuit Court denied Smith's motion. *Id.* at p. 23. Smith did not file an appeal.

A few months later, Smith filed a motion to correct an illegal sentence in case CR-20-36. *Id.* at pp. 25-63, 64. Smith's motion was denied in November of 2020. In April 2021, Smith filed two motions to correct a clerical mistake in the commitment order. *Id.* at pp. 65-86. 89-90. The Circuit Court denied her relief. *Id.* at p. 91. She did not file an appeal.

On June 7, 2021, Smith filed her Petition for writ of habeas corpus (Doc. No. 2). Her initial petition contends that her Fifth Amendment rights were violated when she was charged as a "large habitual" offender under Ark. Code Ann. § 5-4-501, resulting in an extended term of imprisonment in CR-20-36. (Doc. No. 2, pp. 5-7). Two weeks later Smith filed an Amended Petition, (Doc. No. 4). Smith's Amended Petition alleges the following additional grounds for relief in relation to CR-20-36:

1. She was sentenced to 15 years' imprisonment for first-degree domestic battering, when the offense was supposed to be lowered to second-degree domestic battery; the circuit court did not investigate the facts of her prior convictions used to increase the sentence; she received a harsher sentence than recommended by sentencing guidelines. (Doc. No. 4, p. 7);

2. She would not have accepted the government's plea offer which resulted in her receiving a harsher sentence; the judge, public defender, and prosecuting attorney failed

   to recognize her status as a "non-convicted violent felon," and she could have received a sentence of less than 10 years; this was not a favorable plea considering the evidence of the crime; the court did not advise her about "mandatory special parole terms prior to guilty plea," and if they had told her of the possible consequences she would not have pled guilty (Doc. No. 4. Pp 7-8);

3. The court used prior convictions to enhance her sentence, and this constitutes double jeopardy (Doc. No. 4, p. 18).

 Smith asks the Court to require that she be resentenced in CR-20-36 for second-degree battery so that she is not sentenced as a habitual offender in that case. *Id.* She concedes that she was supposed to be sentenced as a habitual offender in CR-20-37, thus she does not seek relief there. *Id.* She also requests nominal damages for the breach of the plea agreement or invasion of a right pursuant to 21 U.S.C. § 852. *Id.* Lastly, she requests the right to file "conditional appeals" on the issue of double jeopardy. *Id.* at 18-19.

### III. Discussion

 "[A] petitioner must state specific, particularized facts which entitled him or her to habeas corpus relief for each ground specified[;] [t]hese facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further review." *Adams v. Artmontrout*, 897 F.2d 332, 334 (8th Cir. 1990).

 Smith characterizes her claims as arising under the Fifth Amendment Double Jeopardy Clause. But the law is clear that habitual-offender sentencing does not violate that provision of the U.S. Constitution. *E.g.*, *Monge v. California*, 524 U.S. 721, 727—28 (1998). Instead, Smith's claims concern issues of state law, since she challenges whether she received legal sentences under state law. "'[F]ederal courts have no right to review any sentence of a state court which does not

exceed the statutory maximum sentence which may be imposed under the laws of the state' although there are exceptions such as 'where the principle of *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), [is] involved.'" *Kenny v. Swenson*, 458 F.2d 680, 683 (8th Cir. 1972) (per curiam) (quoting *Stevens v. Warden, Maryland Penitentiary*, 382 F.2d 429, 433 (4th Cir. 1967)). *See also Nieman v. Parratt*, 596 F.2d 316 (8th Cir. 1979) (holding that "rules of sentencing adopted by state courts do not ordinarily raise constitutional issues cognizable in habeas corpus proceedings," although there are exceptions to this rule). Since habeas lies only to consider whether a state prisoner is in custody in violation of the Constitution or law or treaties of the United States, 28 U.S.C. § 2254(a), and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) Thus, these claims cannot be considered. But, even if they could be considered, Smith's claims are without merit.

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." Sentence enhancements do not violate the Double Jeopardy Clause. *See Monge v. California*, 524 U.S. 721, 727—28 (1998) (sentence enhancements are not "construed as additional punishment for the previous offense; rather, they act to increase a sentence; because of the manner in which [the defendant] committed the crime of conviction.'" (internal citations omitted). Thus, "An enhanced sentence imposed on a persistent offender 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes'" but as "'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" *Id.* at 728 (internal citations omitted). Habitual offender statutes imposing greater penalty than normally available for a crime do not violate the Double Jeopardy Clause.

Smith claims that Arkansas' habitual offender statute Ark. Code Ann. § 5-4-501 (Supp. 2019), was misapplied in CR-20-36. Section 5-4-501(b)(1)(A)(ii) provides that a defendant who has previously been convicted of 4 or more felonies may be sentenced to an extended term of imprisonment as set forth in subdivision (b)(2) of the statute. Smith had previously been convicted of 4 felonies in her earlier cases: CR-17-15, CR-18-1, and CR-18-185. Subdivision (b)(2)(D) provides that an extended term of imprisonment for a defendant previously convicted of four or more felonies and now convicted of a Class C felony is 3 to 30 years. In CR-20-36 Smith was sentenced to 15 years. (Doc. No. 14, Ex. B). Thus, her 15-year sentence is legal under state law.

Smith's argument that she was convicted of first-degree domestic battering, not second-degree domestic battering is also meritless and clearly not the case. *See* (Doc. No. 14, Ex. C, p. 10); *See also* (Doc. No. 14, Ex. A, pp. 4-5) (prosecutor affirms to circuit court that information is amended to charge second-degree domestic battering).

Lastly, damages are not available in a federal habeas action brought under 28 U.S.C. § 2254, e.g., *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973), so Smith's request for damages is denied. All other requested relief is denied with the dismissal of Smith's petition.

### IV.     Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases (which applies to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Smith has not made a substantial showing of a denial of a constitutional right, so no certificate will issue.

## V. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Petitioner Thereasa Smith's § 2254 habeas petition, (Doc. No. 2), is DISMISSED WITH PREJUDICE.

2. A Certificate of Appealability is DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

IT IS SO ORDERED this 25th day of July, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE